**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

ANDRE KELLY,

    Plaintiff,                                    Case No:
                                                           216(b) Collective Action

v.

ENFORCERS PROTECTIVE
SERVICE LLC and
LANAR BRISCOE

    Defendants.
_____/

**COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE
OVERTIME WAGE SECTION OF THE FAIR LABOR STANDARDS ACT**

      Plaintiff, ANDRE KELLY, individually and on behalf of all other similarly situated persons employed as Security Guards from the period of January 2019 to the present who consent to their inclusion in this collective action herein sues Defendants, ENFORCERS PROTECTIVE SERVICE LLC and LANAR BRISCOE pursuant to 29 U.S.C. Section 201 *et seq.* of the Fair Labor Standards Act, and states as follows:

**PRELIMINARY STATEMENT**

      1.     Plaintiff, Andre Kelly, brings this action on behalf of himself and the class of similarly situated Security Guards or Security Officers for violation of

federal wage and hour laws pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201, *et seq.*, (the "FLSA"). Plaintiff alleges that he and the putative class are entitled to unpaid overtime wages as required by 29 U.S.C. Section 207.

2. The FLSA is our nation's foremost wage law. The overtime requirements of the FLSA were meant to assure workers additional pay to compensate them for the burden of a work week beyond the hours fixed in the act. *See In re Novartis Wage & Hour Litig.*, 611 F.3d 141, 150 (2d Cir. N.Y. 2010). It requires minimum wage and overtime pay for certain non-exempt employees. 29 U.S.C. § 213.

3. Throughout Plaintiff's employment with the Defendants, his joint employers, he was required to work in excess of forty (40) hours per week and did so.

4. Pursuant to policy and scheme to avoid paying Plaintiff and the class of similarly situated overtime premiums as mandated by the FLSA, Defendants willfully misclassified Plaintiff and the class of similarly situated as independent contractors, and without written independent contractor agreements.

5. Thus, Defendants maintained a scheme to avoid paying Plaintiff and all others similarly situated security guards and personnel premiums for all hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. Section 207(a)(1).

6. The Defendants should have, but did not, compensate Plaintiff and the class of similarly situated for all overtime hours worked in excess of forty (40) hours per work week at rates of time and one half the regular rate of pay.

7. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion. Plaintiff reserves all rights to plead in the alternative.

## PARTIES, JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. Section 1331, because this action involves a Federal Statute, 29 U.S.C. Section 201, *et seq.*

9. Plaintiff Andre Kelly is a resident of this district, who at all times material hereto, worked for Defendants as a Security Guard from October 2017 through the present.

10. This Court has personal jurisdiction over the Defendants in this action because the Defendants operate substantial business in Cobb County, Georgia and the damages at issue occurred in Cobb County, Georgia.

11. Venue is proper to this Court pursuant to 28 U.S.C. Section 1391(b) since the acts complained of herein took place in this District.

12. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

13. At all times relevant to this action, Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. Section 203(e)(1).

14. Defendant, ENFORCERS PROTECTIVE SERVICE LLC, (Defendant or EPS) is a Georgia Limited Liability Company with a principal address of 4361 Thorngate Lane, Acworth, GA 30101. Defendant EPS may be served through its registered agent Lanar Briscoe at 4361 Thorngate Lane, Acworth, GA 30101.

15. Upon information and belief, Lanar Briscoe (Briscoe, collectively with EPS, Defendants) is the managing member of the corporate Defendant, the sole owner, highest ranking officer, and managed the day-to-day operations of EPS and upon information and belief, created and enforced the unlawful pay scheme complained of herein.

16. Briscoe may be served at his home located at 4361 Thorngate Lane, Acworth, GA 30101 and is subject to personal jurisdiction in this action.

17. Defendants individually and combined have annual gross revenues of more than $500,000.00 over the past three years and are subject to enterprise coverage under the FLSA. Defendants also employed more than 2 employees at all times material.

18. Alternatively, Plaintiff was engaged in interstate commerce, as an employee of Defendants.

19. Defendant Briscoe directed and controlled the day-to-day work of Plaintiff and the class of similarly situated, as well as having day to day operational control over EPS and is jointly responsible for the compensation plans and unlawful pay practices complained of herein.

20. Defendants are employers as defined by the FLSA and are joint employers of the Plaintiff and the class of similarly situated.

## FACTUAL BACKGROUND

21. Plaintiff was employed by the Defendants, jointly, as a Security Guard from approximately October 2017 to the present.

22. Plaintiff's, and the class of similarly situated primary duties include monitoring video surveillance cameras, observing entrances and exits, making rounds, and investigating suspicious activity.

23. All of Plaintiff's and the class of similarly situated job duties were routine and standardized, according to set procedures created by Defendants, or under the supervision of Defendants, and specifically Briscoe.

24. Plaintiff and the class of similarly situated did not fire employees or hire employees.

25. Plaintiff and the class of similarly situated did not supervise two or more full time employees as contemplated by the FLSA and the executive exemption.

26. Plaintiff and the class of similarly situated routinely worked hours in excess of 40 per week throughout their employment as a Security Guard with Defendants.

27. Defendants paid Plaintiff and the class of similarly situated on an hourly rate basis.

28. Plaintiff was regularly scheduled to work five days per week, ten hours per day, and did so. Plaintiff did not take lunch breaks. Throughout periods of his employment, Plaintiff worked seven days per week.

29. Plaintiff and the class of similarly situated recorded his hours worked on a timesheet and emailed the timesheet to Defendants, specifically Defendant Briscoe.

30. Plaintiff's primary work as a security guard is office and manual labor.

31. Despite regularly working in excess of 40 hours per week during their employment with Defendants, Plaintiff and the class of similarly situated were not paid overtime premiums at one and one-half the regular rate of pay for all hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. Section 207(a)(1).

32. Upon information and belief, Defendants intentionally misclassified Plaintiff and the class of similarly situated as independent contractors and issued IRS Form 1099 to them for the work they performed.

33. Plaintiff was only paid his base hourly rate of $9.00 per hour (straight time) for overtime hours worked; similarly, all other security guards were paid straight time for overtime hours worked.

34. Defendants controlled the manner in which Plaintiff and the class of similarly situated were to perform their work, Plaintiff and the class of similarly situated did not have any opportunity for profit or loss depending on their managerial skill, Plaintiff and the class of similarly situated made no investment in equipment or materials required for the work, services rendered by Plaintiff and the class of similarly situated did not require special skills, and Defendants were the primary source of income for Plaintiff and the class of similarly situated during their employment with Defendants.

35. The services performed by Plaintiff and the class of similarly situated were essential, necessary and an integral part of the business conducted by Defendants.

36. Defendants assigned to Plaintiff and the class of similarly situated the schedule or hours they were to work and the location where they were to work. Plaintiff and the class of similarly situated did not have the authority or discretion to deviate from the schedule created by Defendants.

37. Defendants did not have reasonable grounds or a good faith basis under the FLSA to classify Plaintiff and the class of similarly situated as exempt from

overtime pay, to claim that the position fell within any of the exemptions to the overtime provisions of the FLSA, or to classify Plaintiff and the class of similarly situated as an independent contractors.

38. Plaintiff's and the class of similarly situated job position was subject to the FLSA wage provisions.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

39. Plaintiff Kelly brings this action on behalf of all similarly situated individuals who were or are currently employed by Defendants as Security Guards or Security Officers who were or are classified as independent contractors.

40. Plaintiff seeks conditional certification to proceed collectively on behalf of a class of individuals who have performed duties that include monitoring video surveillance cameras, observing entrances and exits, making rounds, and investigating suspicious activity for Defendants' customers or clients, and who were not paid overtime wages for hours worked in excess of 40 in a workweek, pursuant to 29 U.S.C. § 216(b).

41. This collective action is to recover from Defendants overtime compensation, liquidated damages, prejudgment interest, costs and reasonable attorney's fees under 29 U.S.C. §216(b) on behalf of the Plaintiff and all similarly situated persons composed of:

> All persons employed by ENFORCERS PROTECTIVE SERVICE LLC as an independent contractor under the title of Security Guard or

Security Officer, and any other job titles previously or currently used to describe persons performing work as security guards at any time within the three (3) years preceding this lawsuit to the day of trial.

42. Plaintiff is ready, willing, and able to serve as representative for all others similarly situated, and by the filing of this complaint consents to be a member of this FLSA Section 216(b) collective action.

43. Upon information and belief, Defendants have 20 or more persons working as independent contractor Security Guards, and with turnover throughout the preceding three (3) years, the class size is estimated to be upwards of 50 or more persons.

44. Maintaining this action as a collective action is the most appropriate, practical, and feasible way for this action to proceed.

45. Defendants exercised significant, almost total control over Security Guards as Security Guards had no discretion or control over their schedules, assignments, their pay, their profitability, or the equipment used.

46. Security Guards are an integral part of Defendants' business (to provide security services to other businesses). Accordingly, Defendants exercised careful supervision over work performed by Security Guards.

47. Defendants have been parties to a similar action, such as *Tyrone Shephard v. Enforcers Protective Service, LLC and Lanar Briscoe*, NDGA, 1:19-cv-04683-SCJ where the plaintiff there alleged that EPS and Briscoe misclassified him

as an independent contractor to avoid their overtime obligations pursuant to the FLSA.

## COUNT I
## Failure to Pay Overtime Compensation in Violation of the FLSA
## 29 U.S.C. § 201, *et seq.*

48. Plaintiff adopts and re-alleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

49. The actions of Defendants as set forth above in failing to pay overtime to Plaintiff and all others similarly situated constitutes a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

50. The position of 'Security Guard' or 'Security Officer' is a blue-collar job that would not qualify or meet any known exemption under the FLSA. But for the Defendants' unlawful misclassification of Plaintiff and the putative class as independent contractors, Defendants would have to pay Security Guards a premium for all overtime hours worked and they would properly be classified as non-exempt employees under the FLSA.

51. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks a court order compelling the Defendants to provide and produce a list of the names, dates of employment and all contact information for all other Security Guards classified as independent contractors within the three (3) years preceding the filing of this lawsuit to the present, in order to apprise them of their right to opt in and join this action.

52. Plaintiff and the class of similarly situated were employees of Defendants within the meaning of 29 U.S.C. Section 203(e)(1).

53. The Defendants are the employer of Plaintiff and the class of similarly situated within the meaning of 29 U.S.C. Section 203(d), and thus subject to the overtime wage requirements pursuant to FLSA Section 207.

54. Throughout the employment of Plaintiff and the class of similarly situated as a Security Guard for Defendants, they were not paid overtime compensation (premiums) for the hours worked in excess of forty (40) per week.

55. Defendant knew, or should have known, that the security guards, including Plaintiff, were its employees, and classifying them as independent contractors was a willful violation of the FLSA, as well as IRS regulations.

56. Plaintiff and the class of similarly situated did not exercise the requisite discretion, management, and independent judgment with respect to matters of significance to be classified as exempt under the FLSA.

57. Plaintiff and the class of similarly situated did not have disciplinary authority or discretion and were not involved in the hiring and firing of employees.

58. The primary job duties of Plaintiff and the class of similarly situated include monitoring video surveillance cameras, observing entrances and exits, making rounds, and investigating suspicious activity.

59. Plaintiff and the class of similarly situated did not make decisions as

an exempt administrator would, nor did they create any policy.

60. Plaintiff and the class of similarly situated did not "manage" a department or manage other employees.

61. Defendant controlled and determined all conditions of employment for Plaintiff and all others similarly situated, including schedules, assignments, work hours, compensation, procedures, policies and uniforms and other equipment used.

62. Plaintiff did not have his own corporation or business, and Defendant paid him directly as any other employee would be paid, and Plaintiff did not invoice Defendant for work and services performed.

63. The job offered to Plaintiff was on a take it or leave it basis, including pay, uniform, locations, work hours etc., all of which were controlled by Defendants.

64. By definition under the FLSA, Plaintiff was at all times material during the relevant 3-year class period an employee, and willfully misclassified as an independent contractor.

65. Defendants have thus willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime wages to Plaintiff and the class of similarly situated for all hours worked in excess of forty (40) per week

66. During the relevant time period, Defendants required Plaintiff and the

class of similarly situated, who were employees under the FLSA, to regularly work in excess of forty (40) hours in a work week without payment of overtime premiums. Defendants were aware Plaintiff and the class of similarly situated were working over 40 hours routinely to perform their job duties by their own time records.

67. Defendants knowingly and willingly failed to pay Plaintiff and the class of similarly situated proper overtime wages at a rate of time and one half the regular rate of pay, and willfully misclassified Plaintiff and all other security guards as independent contractors for the purposes of decreasing labor costs and maximizing profitability.

68. Evidence reflecting the precise number of overtime hours worked by Plaintiff and the class of similarly situated is in the possession of Defendants in some manner or form. If these records are unavailable, Plaintiff and the class of similarly situated may establish the hours he worked solely by his testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

69. As a direct result of Defendants' violations of the FLSA, Plaintiff and the class of similarly situated suffered damages by being denied overtime wages in accordance with Sections 207 and 216(b) of the FLSA.

70. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the class of similarly situated.

71. Defendants do not have a good faith basis for misclassifying Plaintiff and the class of similarly situated as independent contractors such that Plaintiff and the class of similarly situated are entitled to liquidated damages.

**WHEREFORE** Plaintiff, ANDRE KELLY prays for:

a) An order conditionally designating this action as a collective action pursuant to 29 U.S.C. § 216(b) and authorizing Plaintiff to send notice to all other similarly situated past and present Security Guards or Security Officers employed by ENFORCERS PROTECTIVE SERVICE LLC and LANAR BRISCOE and any of its subsidiaries at any time during the three (3) year period immediately preceding the filing of this suit;

b) An order awarding attorneys' fees and costs pursuant to the FLSA;

c) That the Court find Defendants in violation of the overtime compensation provisions of the FLSA and that the Court find that Defendants' violations of the FLSA were and are willful;

d) That the Court award Plaintiff and the putative class of all similarly situated the balance of all overtime compensation owed for all the hours worked over forty (40) in each and every workweek during the past three (3) years, AND an equal sum in liquidated damages. In addition, interest on said award pursuant to the FLSA;

e) That the Court issue an INJUNCTION barring the Defendants from further violating the FLSA and ORDERERING Defendants to properly reclassify all security guards as employees;

f) That the Court award Plaintiff Kelly a collective action class representative fee or service award fee for his effort and time dedicated to bringing justice through this action;

g) That the Court appoint Mitchell Feldman, Esq. of Feldman Legal Group and Benjamin Williams, Esq. of Williams Law PA as class counsel in the FLSA collective action; and

h) That the Court award any other legal and equitable relief as this Court may deem appropriate, including back taxes, and the value of other benefits not provided.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated January 27, 2022.

Respectfully submitted by,

*/s/Mitchell Feldman*
Mitchell Feldman, Esq.
GA Bar: 25779
**Feldman Legal Group**
6916 W. Linebaugh Ave #101
Tampa, FL 33625

mfeldman@flandgatrialattorneys.com
tel 813 639-9366, fax: 813 639-9376
*Attorney for Plaintiff and the Class*